IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA CAGE, | No. C 13-00526 EJD (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| JEAN ROY, | |
| Defendant. | |

Plaintiff, a California prisoner at the Central California Women's Facility in Chowchilla, has filed a pro se civil rights action under 42 U.S.C. § 1983.[1] Plaintiff seeks her conviction to be overturned and damages for her unlawful confinement. (Docket No. 8.) The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which

---

[1] This action was initiated when Plaintiff filed a letter stating that she wanted to sue the D.A. for damages for an unlawful conviction. (Docket No. 1.) The Court construed the letter as an attempt to file a complaint. Plaintiff filed an amended complaint on April 26, 2013, at the direction of the Court. (See Docket No. 5.)

Order of Dismissal
G:\PRO-SE\SJ.EJD\CR.13\00526Cage_dism (Heck).wpd

prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff claims that she was denied her right to a legal and fair trial due to the District Attorney's negligence. Plaintiff claims that her right to "face the accuser" was violated because the "accuser" never took to the stand. Plaintiff also claims that she was never read her Miranda rights when she was taken in for questioning or when she was charged. Plaintiff wants her conviction overturned and to be compensated for her time of incarceration. (See Docket No. 8 at 2-3.)

A claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983. Heck v. Humphrey, 512 U.S. 477, 487 (1994).[2] A plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-87.

Here, Plaintiff's allegations that she is unlawfully incarcerated due to

---

[2] Heck applies equally to claims brought under §§ 1983, 1985 and 1986. McQuillion v. Schwarzenegger, 369 F.3d 1091, 1098, n. 4 (9th Cir. 2004).

Order of Dismissal
G:\PRO-SE\SJ.EJD\CR.13\00526Cage_dism (Heck).wpd         2

Defendant's allegedly unconstitutional actions would, if successful, necessarily imply the invalidity of her state court conviction. However, Plaintiff has failed to show that the conviction has been reversed. See id. As such, Plaintiff's claims are barred by Heck and must be dismissed.

Accordingly, Plaintiff's complaint is DISMISSED without prejudice to Plaintiff's filing a new complaint if the challenged conviction and sentence are later invalidated. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by Heck may be dismissed sua sponte without prejudice under 28 U.S.C. § 1915).

Furthermore, although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, Plaintiff may seek relief for her allegedly unlawful conviction by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## CONCLUSION

For the reasons set forth above, this action is DISMISSED without prejudice.

The Clerk shall enclose two copies of the court's form petition with a copy of this order to Plaintiff.

DATED: 5/22/2013

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.EJD\CR.13\00526Cage_dism (Heck).wpd     3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LISA CAGE,

        Plaintiff,

  v.

JEAN ROY,

        Defendant.

Case Number: CV13-00526 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 5/23/2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lisa Cage 00400
Central California Womens Facility State Prison
P. O. Box 1508
Chowchilla, CA 93610

Dated: 5/23/2013

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk